## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADALBERTO FUNES LANDAVERDE,<br>    Petitioner,<br><br>    v.<br><br>DAVID T. WESLING, Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 26-cv-466-MRD-AEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Petitioner Adalberto Funes Landaverde is a native of El Salvador who entered the United States in 2004. ECF No. 1 ¶¶ 19, 27. Upon entry into the United States, he was briefly detained and issued a Notice to Appear which charged him as an inadmissible person under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 16-1 ¶ 8. He was released on bond. *Id.* ¶ 9. Thereafter, the Petitioner failed to appear for his scheduled hearing and was ordered removed *in absentia*. *Id.* ¶ 10; *see also* ECF No. 16-2 at 9 (Immigration Judge's Decision Ordering Petitioner's removal). For the next twenty-one years, the Petitioner remained in the United States.

Fast forward to July 11, 2026, the Petitioner was detained by Immigration and Customs Enforcement ("ICE") during the morning hours. ECF No. 1 ¶ 1. He has remained in ICE custody since that time. *Id.* That same day, the Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) wherein he argues that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 55–61. Specifically, the Petitioner argues that he should be entitled to a bond redetermination hearing and that his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b). *Id.* The Respondents, in its opposition to the

Petition, assert that the "Petitioner's argument is misplaced," because he is detained under 8 U.S.C. § 1231(a)(6).   ECF No. 16 at 1.

Under § 1231(a)(6), "[a]n [individual] ordered removed who is inadmissible under section 1182 of this title … or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the [usual 90-day] removal period" authorized by § 1231(a)(1)(A).  The Respondents, pointing to the September 28, 2004 removal order, argue that the Petitioner is inadmissible under § 1182(a)(6)(A)(1) which explains that "[a]n [individual] present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." *See* ECF No. 16-2 at 12 (Petitioner's "Notice to Appear" invoking "212(a)(6)(A)(i) of the [INA]").

Section 1231(a)(1) governs the timing of removal and explains that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days.  That period begins "on the latest of the following:"

i.   The date the order of removal becomes administratively final.
ii.  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
iii. If the alien is detained or confined (except under an immigration process), the date the alien is released from detention of confinement.[1]

Section 1231(a)(2) mandates detention during the removal period.

The first question this Court must answer is whether the Petitioner is within the 90-day removal period.  He is not.  As the Respondents explain, there is no record "that Petitioner appealed his removal order to the [BIA] thereby subjecting Petitioner to an administratively final order."  ECF No. 16-1 ¶ 11.  The Petition, however, explains that the Petitioner "is [] in the process of filing a Motion to Reopen his previous removal order from September 28, 2024."  ECF No. 1 ¶ 3.  Whether the Petitioner did, in fact, file a Motion to Reopen in Immigration Court is unknown to this Court as the Petitioner has elected to forego the opportunity to file a Reply brief (due July 29, 2026) or supplement his Petition to include that information that would rebut any of the Respondents' arguments.  Therefore, on this record, the Court must conclude that the 90-day removal period has long passed since the Petitioner's Removal Order became administratively final.

---

[1] Aside from the current detention which began on July 11, 2026, there are no facts in the record to suggest the Petitioner was previously detained or confined. Therefore, this provision does not apply.

On its own, this does not mean the Petitioner is entitled to a bond hearing or release because, as a colleague in the District of Massachusetts recently explained, "[a]fter the removal period has passed … detention is subject to a discretionary framework under Section 1231(a)(6), as opposed to Section 1231(a)(1)(A)'s mandatory framework." *Lima Ramos, v. Blanche*, No. 26-CV-10211-AK, 2026 WL 1998731, at *2 (D. Mass. July 10, 2026). Even though the Petitioner's detention beyond the 90-day removal period is subject to a discretionary framework, the Supreme Court has explained that "[d]etention under Section 1231 cannot be indefinite." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The High Court limited the duration of post-removal-period detention "to a period reasonably necessary to bring about that [individual]'s removal from the United States" and explained that detention of up to six months is presumptively reasonable under Section 1231. *Id.* at 689, 701.

Applying those principles to the Petitioner's situation crystallizes that his detention is, at this point, presumptively reasonable. The parties agree that the Petitioner's detention began less than one-month ago on July 11, 2026. This is well within the presumptively reasonable six-month time-period prescribed by the Supreme Court in *Zadvydas*. The result does not change when the Court aggregates the current period of detention with the 11-day period of detention that occurred between when the Petitioner entered the United States on April 16, 2004 and was released on bond on April 27, 2004. Further, consistent with the purpose of detaining the Petitioner, the Respondents assert that "ICE is prepared to initiate removal forthwith[.]" ECF No. 16 at 4. The Petitioner's detention may be revisited if his removal is not effectuated and he remains in detention for longer than six months. *See Zadvydas*, 533 U.S. at 701 (explaining that an individual may be entitled to release "[a]fter this 6-month period, once the [individual] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). For now, his detention is lawful.

Accordingly, the Petitioner's Petition for Writ of Habeas Corpus is DENIED.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

07/31/2026

3